ALFRED VINGER, PLAINTIFF, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT.

Submitted May 18, 1929—Decided March 4, 1930.

.Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *James D. Carton.*

*Contra, Theodore D. Parsons.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, a boy eighteen years of age, was in the employ of the defendant railroad company as a signalman's helper. In the course of his employment as such helper he was severely injured in May, 1928, and brought suit to recover compensation for those injuries. The trial resulted in a verdict in his favor, the jury awarding him $20,000; and we are now asked to set that verdict aside.

The situation developed by the plaintiff's proof was as follows: He left his home at Branchport on the morning of May 3d, 1928, on a train of the defendant company, for the purpose of going to Point Pleasant, there to assist his "boss" in repairing signals. He traveled daily upon the company's trains in going to and from his work. When he reached his destination he alighted from the train, saw the signalman standing near him, and the latter then instructed him to get

back on the train and to go to Bay Head to get a kettle of some compound which was to be used in the repair work. In obedience to this direction, the train then having started toward Bay Head, he voluntarily selected the front entrance of the first car in attempting to board the train. The hinged platform at this entrance was down, covering the steps into the car so completely as to make it impossible for anyone to get into the car without climbing over this platform, or first raising it. The plaintiff was unable to get in this car and hung onto the hand rail, with his feet upon the bottom step, while the train traveled about one hundred and fifty feet, and he was then struck by a switch post which was alongside of and close to the main track at the point where a switch connected with it. The blow was so severe as to knock him off the car and inflict upon him the injuries for which he sued. This is the story told by the plaintiff on the witness-stand in describing the accident. The principal facts were all of them contradicted by witnesses produced by the defendant who testified that the accident happened by reason of the fact that the plaintiff, after having safely boarded the train, leaned out from the steps (apparently looking for someone) so far that his head came in collision with the switch post. The jury accepted the version of the accident as testified to by the plaintiff and based their verdict thereon.

Accepting the story told by the plaintiff as a true explanation of the facts, we think it demonstrates that he had no cause of action against the defendant company. By his own admission upon the witness-stand he was thoroughly familiar with the situation at and near the location where the accident occurred. He knew of the existence of the switch post, and where it had been installed. The fact that the platform at the front entrance of the first car was down was perfectly obvious to him. He could not have attempted to board that car without being fully aware of that fact. The present action was brought under the Federal Employers' Liability act, and, as was pointed out in the case of *Jacobs* v. *Southern Railway Co.*, 241 *U. S.* 229, by the terms of that statute an experienced

266

employe who attempts to board a moving train admittedly knowing the material conditions which exist and which will render his attempt hazardous, assumes the risk of injury resulting from such attempt because of the existence of such hazards, and such assumption bars his right of action against his employer.

For the reason indicated we conclude that the rule to show cause in the present case should be made absolute.