ALFRED VINGER, BY HIS NEXT FRIEND, BENJAMIN VINGER, APPELLANT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, A BODY CORPORATE, RESPONDENT.

Argued October 28, 1931—Decided May 16, 1932.

For the appellant, *Quinn, Parsons & Doremus* (*John J. Quinn* and *Theodore D. Parsons*, of counsel).

For the respondent, *William A. Barkalow* (*De Voe Tomlinson*, of counsel).

The opinion of the court was delivered by

CASE, J. This is an action for personal injuries incurred by the plaintiff, a young man eighteen years of age and an employe of the defendant in its interstate commerce activities.

The action is under a federal statute which is not specified .with certainty to us but which presumably is the Federal Employers' Liability act. 45 *U. S. C. A.* §§ 51, 59. Plaintiff was nonsuited upon the theory that the evidence disclosed that he, as a matter of law, assumed an obvious risk in attempting to mount a moving train in the circumstances and conditions detailed in his own testimony and that this assumption of risk, under the federal statute and decisions, resulted in no cause of action; and he appeals from the judgment of nonsuit. The ruling of the trial court at this the second trial was in accordance with the determination of the Supreme Court (reported in 106 *N. J. L.* 264; 149 *Atl. Rep.* 125), on rule to show cause granted after the first trial whereat a verdict was rendered by the jury in favor of the plaintiff. The finding of the Supreme Court was that the testimony of the plaintiff demonstrated that he had no cause of action. The testimony at the second trial on behalf· of the plaintiff was said by the trial court in its deliverance to be precisely the same as at the first; and it is not disputed that it is essentially the same. The trial court further remarked that under the circumstances the determination of the Supreme Court as to the first trial should prevail at the second.

Plaintiff resided at Long Branch and had been employed by the defendant for about a year as a signal man's helper in the repair of signals along the railroad. He had also done work for defendant in taking care of switches and signals. In going to and from his work he used trains of both the defendant and the Pennsylvania railroad. He must be judged an experienced employe in such respects as are pertinent to this case. On the day of the accident be boarded a train of the defendant company at Branchport *en route* for his day's work at Point Pleasant where, as he knew, the run of the train ended and where, along with all the other passengers, he got out. At the Point Pleasant station he met his foreman who instructed him to get back on the train and go to Bay Head to get some compound that was needed for the repair of a cable. Plaintiff turned toward the train,

found that it was then moving, and jumped on the steps at the front entrance to the first car. The car was of the vestibule type with a hinged "trap" platform surmounted by a door. The platform was then down, although it is inferable that the door was open. Plaintiff says he had "hopped on" before he noticed that the trap was down, and that having endeavored unsuccessfully to raise the trap he "just had to hang there." After proceeding an undefined distance, in excess of one hundred and fifty feet, he was hit by a switch post and sustained injuries for which he sues.

Appellant's first point is that there was no apparent danger, the risk of which he assumed. The vestibule platform was down. It was a visible, effective barrier against entrance to the car. Its obviousness was such that plaintiff, even against his contention, must be presumed to have seen it. He could not have attempted to board the car without being fully aware of it. That being so, plaintiff assumed any risk that arose out of that condition, the danger of which was known to him or was so obvious that an ordinarily prudent person under the circumstances would have appreciated it. *Gila Valley, &c., v. Hall,* 232 *U. S.* 94; 58 *L. Ed.* 521. It is, we think, apparent to any reasonably prudent person that in hanging precariously to the side of a railroad train, with body protruding, and without thought for or precaution against known or unknown fixed objects along the way, one is in physical danger. Plaintiff did know that the switch post, by which he was hit, was there, and although he testifies that he did not do anything to avoid being hit by it because he did not know he was going to be struck, nevertheless, having knowledge of the material conditions, plaintiff assumed the risk of injury from the hazards that he knew to exist. *Jacobs v. Southern Railroad Co.,* 241 *U. S.* 229; 60 *L. Ed.* 970. There is no proof that any of the defendant's apparatus, including the trap platform flooring and the switch post, was not of approved construction, or that the switch post was not suitably placed.

Appellant's second point is that the proximate cause of plaintiff's injury was the negligence of the train crew and

that as the crew were the fellow servants of plaintiff, plaintiff did not assume any danger that followed from their negligence. The train was at the end of its run. All the passengers had alighted. The train was empty and was in motion in process of being pulled out from the station. The closed platform was notice that no persons were expected to board the train at that entrance. No one with seeing eyes could have attempted to board at that point without observing the barrier. The crew had no notice of plaintiff's presence or of his predicament. We find no proof of negligence on the part of the crew.

It is next argued that where the employe is injured in executing an order or command of his superior officer, he does not assume the risk in obeying this command. It appears that both foreman and plaintiff had gotten off the same train from different cars; that they met at the station and that the foreman told the plaintiff to get back on the train to do the errand. The instruction given plaintiff was not that he should board a moving train. It does not appear that the foreman knew the train was moving. The order was not to enter at the particular door where entrance was blocked. There is no suggestion that any other entrance to the train was closed off or indeed that any emergency had arisen whereby plaintiff was under orders to board that train at risk to himself. A simple instruction to take a designated train may scarcely be interpreted as an order to take it at all hazards or otherwise than in the usual manner and by the usual means. No sufficient reason is shown for taking the case out of the application of the general rule on assumption of risk.

It is next said that the question whether an employe assumes a risk is generally for the jury. That is true where there is something for the jury to decide; not otherwise.

The appellant's final point is that the trial court erred in following the opinion of the Supreme Court and should have submitted the case to the jury; citing *Horandt* v. *Central Railroad Co.,* 81 *N. J. L.* 488, and other cases. If the character of plaintiff's proofs was such as to justify a nonsuit, it

was not for the trial court to avoid that ruling simply because it was in harmony with a pronouncement of the Supreme Court made at an earlier stage of the same cause. We think, for the reasons already given, that the evidence demonstrates as a matter of law that the plaintiff had no cause of action against the defendant company and that the trial court properly ordered the judgment of nonsuit.

The judgment below will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.